Mr. Justice Clayton
delivered the opinion of the court.
This was an action of ejectment, in the circuit court of Yazoo county, to recover an undivided moiety of a lot in Yazoo city. The plaintiffs below derived title from a conveyance made by Thomas Bernard, to whom the commissioners of the town had originally conveyed the lot in question, jointly with Angus McNeill. The plaintiff in error claims title under the same deed of the commissioners. McNeill, it is alleged, gave a title- *118 bond for his interest in the, lots, to James C. Hawley. Hawley conveyed by deed to 0. Dart, under a judgment and execution, against whom, the ancestor of Harman purchased, and upon his death the same descended to the present plaintiff in error, defendant in the court below.
There was an attempt to prove on the part of the defendant Harman, by parol, that Bernard, before he conveyed to Janies and wife, had said he had conveyed his interest in the premises to McNeill; that McNeill was absent in parts unknown; that the said conveyance had never been recorded; and that fruitless effort had been made to discover the residence of McNeill. It will thus be seen that it is an action by one tenant in common against another.
Various questions have been made in the argument, which will be noticed in their order. It is said that the conveyance from Bernard to the plaintiffs is void, because a married woman is not able to contract. That question cannot be raised by this party. Bernard does not appear to be dissatisfied with the conveyance, and no one else can object for him. A gift from him to Mrs. James, of the lot, would be valid, upon her acceptance of it, and a sale is, as to third persons, equally good, whether she can be compelled to pay for it or not. That concerns Bernard alone. The other objections to the deed are equally untenable. It is not very formal, it does not describe any particular lot by number, but is a general conveyance of all his lots in that town. There is no such uncertainty in this as to make the conveyance void. It is sufficient to convey all of Bernard’s interest, for, by reference to the deed of the commissioners, it is seen that the lot in question was included in their deed to him. The legal title of the plaintiff is thus made out, and the right to recover established, unless an equal title be shown to exist in the defendant.
This has not been done. The original title-bond from McNeill to Hawley was not produced. A copy was offered in evidence, without accounting for the absence of the original. This was rightly rejected, as the copy, under such circumstances, was not proper evidence. Haydon v. Moore, 1 S. & M. 607.
*119 The exclusion of the parol evidence of the conveyance by Bernard to McNeill, was not error. The offer was to prove by the witness, the declaration of Bernard, that he had conveyed, all his interest in the lots in question to McNeill, as early as 1835. It would be of dangerous tendency to set aside a deed, to give preference to another upon a declaration of that sort. If such conveyance had ever been made, and been lost, a bill in equity against all the parties in interest, to set up the lost deed, would have been the proper mode of proceeding.
But even if the title-bond of McNeill had been admitted in testimony, it would probably not have helped the defendant. It was executed to Hawley, no deed appears ever to have been executed to him, nor is payment of the purchase-money by him shown. He convejnsd to Dart, and Harmon purchased at execution sale against Dart. According to the decisions of this court, Hawley does not appear to have had any interest which was the subject of execution sale at law; he could transfer no greater title to Dart than he possessed himself— a mere equity. Whether Dart had an interest which could be sold under execution, we need not decide; it is enough to show that the title of the defendant was not equal at law to that of the plaintiff.
But it is said that there was no proof of ouster of the one tenant in common by the other, and that without such proof, verdict should not have been rendered for the plaintiff. The charge of the court contained a very fair exposition of -the law. An ouster may be inferred from circumstances, and it is a matter of fact for the finding of a jury. 1 Tilling. Adams, 56 ; 10 Mass. 468. There were circumstances proven, from which an ouster might very properly he inferred, and we shall not disturb the finding.
Again, it is said, that if an ouster were established, if it occurred before the conveyance from Bernard to the plaintiffs, the conveyance itself is void for champerty. On this point the court charged the jury, “ that if the ouster were committed before the conveyance from Bernard to the plaintiff, that conveyance was void for maintenance.” This was as favorable to the plaintiff in error as he could have desired. Without ex *120 pressing any opinion as to its correctness, it is sufficient to say, that he cannot complain of it. It was incumbent upon him to prove that the ouster was previous to the conveyance, if the fact were so; and having failed to do it, he cannot complain of the finding.
The last point made, that there, is no similiter, cannot,.after verdict, be cause of reversal. 9 Yerger, 24.
The judgment is affirmed.